Nicholas M. Wajda (SBN 259178)
**Price Law Group, APC**
15760 Ventura Blvd., Suite 1100
Encino, California 91436
(818) 995-4540 Telephone
(818) 995-9277 Facsimile

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA –RIVERSIDE DIVISION

In re:

**ROBERT ZABLOCKIS and**

**JENNIFER ZABLOCKIS,**

Debtors.

Case No: 6:11-bk-17743-MJ
Chapter 13

**MOTION TO DISALLOW CLAIM OF B-LINE LLC, SUCCESSOR IN INTEREST TO GE MONEY BANK; DECLARATION OF ROBERT ZABLOCKIS IN SUPPORT**

Date:  November 14, 2011
Time:  1:30 p.m.
Place:  Courtroom 304
        3420 Twelfth Street
        Riverside, CA 92501

CLAIMS REGISTER NO. 19-1

TO THE HONORABLE MEREDITH A. JURY, ROD DANIELSON, CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:

//

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On March 9, 2011, Robert and Jennifer Zablockis (collectively, the "Debtors") filed their Chapter 13 petition. On May 19, 2011, B-Line LLC, successor in interest to GE Money Bank ("Respondent") filed an unsecured proof of claim in the amount of $6,606.61. **See Exhibit "1."** In its Proof of Claim, Respondent implies that it is the successor in interest to the claim held by GE Money Bank. Respondent failed to establish in its proof of claim the existence of any contract that shows it is a successor in interest to this aforementioned debt obligation. Respondent failed to establish in its Proof of Claim the existence of any contract that established an obligation by the Debtors to pay B-Line LLC, successor in interest to GE Money Bank, any amount as stated in Respondent's Proof of Claim. Respondent failed to establish in its Proof of Claim any history showing purchase dates, amounts, interest, fees, and where this debt was incurred. As a result of the failure of Respondent to provide the aforementioned history, the Debtors are denied the ability to evaluate the accuracy and the basis of any of the information contained in the Proof of Claim, including the amount ($6,606.61) of the Proof of Claim that is alleged to have been incurred by the Debtors.

//
//
//
//
//
//
//

## II.

## ARGUMENT

**B-LINE LLC, SUCCESSOR IN INTEREST TO GE MONEY BANK, PROOF OF CLAIM IS NOT ENTITLED TO PRIMA FACIE EVIDENTIARY STATUS UNDER RULE 3001(f) BECAUSE ITS PROOF OF CLAIM DOES NOT COMPLY WITH RULE 3001(c)**

A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim.[1] However, "the presumption treating the proof of claim as prima facie evidence of validity and amount operates to create a mere rebuttable presumption. If rebutted, then the ultimate burden of proof is on the claimant."[2]

Rule 3001(a) requires that the proof of claim "conform substantially to the appropriate Official Form," which is Official Form No. 10. Rule 3001(b) requires that the proof of claim be executed by the creditor or the creditor's authorized agent. Rule 3001(c) provides that if a claim is "based on a writing," a copy of the writing be attached to the proof of claim unless it has been lost or destroyed, in which case a statement of the "circumstances of the loss or destruction" must be filed with the claim. A credit card agreement is based upon a writing and therefore, to comply with Rule 3001(c), the claimant also must file the "writing" on which the claim is "based." e.g., In re Curry, 425 B.R. 841, 846 (Bankr. D. Kan. 2010). "For purposes of Rule 3001(c), a proof of claim filed by an assignee is "based," in part, on the assignment. Therefore, to satisfy Rule 3001(c) and obtain prima facie evidentiary status under Rule 3001(f), an assignee filing a proof of claim must attach the written assignment or set forth a summary of the document." In re O'Brien, 440 B.R. 654, 662 (Bkrtcy. E.D. Pa. 2010).

---

[1] Fed. R. Bankr. P. 3001(f). In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1247-48 (9th Cir. 1999). BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL §301.13 (1999).

[2] In re Sierra Steel, Inc., 96 B.R. 275, 277 (9th Cir. BAP 1989).

In this case, the burden of proving the validity and amount of the Proof of Claim remains with B-Line LLC, successor in interest to GE Money Bank, because the Proof of Claim does not conform with Fed. R. Bankr. P. 3001(c) and the instructions that are part of Official Form 10. Here, the Proof of Claim lacks any documentation regarding the assignment of the claim to B-Line LLC, successor in interest to GE Money Bank. Therefore, to satisfy Rule 3001(c), it must provide adequate evidence of the assignment.

## III.

## CONCLUSION

In summary, B-Line LLC, successor in interest to GE Money Bank, has not sustained its burden of proof on an essential element of its claim in this contested matter. The Proof of Claim facially did not comply with Rule 3001(c), and there also is nothing further in the record to support B-Line LLC, successor in interest to GE Money Bank, asserted status as an assignee of the claim. For the above stated reasons, Debtors request that the Court issue an Order disallowing Respondent's proof of claim, No. 19-1, in its entirety.

DATED: September 30, 2011

Respectfully submitted,
**PRICE LAW GROUP, APC**

Nicholas M. Wajda
Attorney for Debtors

//
//
//
//

# DECLARATION OF ROBERT ZABLOCKIS IN SUPPORT OF MOTION TO DISALLOW CLAIM

I, Robert Zablockis, declare,

1. I am qualified to make this declaration. As to the following facts, I know them to be true from my personal knowledge.

2. My wife and I are the Debtors in this Chapter 13 Case No. 6:11-bk-17743-MJ, which was filed on March 9, 2011.

3. On May 19, 2011, B-Line LLC, successor in interest to GE Money Bank, ("Respondent") filed an unsecured proof of claim in the amount of $6,606.61. **See Exhibit "1."** Respondent provided no evidence showing proof that my wife and I owe this debt to Respondent. Therefore, we dispute the claim of Respondent.

I declare under penalty of perjury that foregoing is true and correct. Executed on October 4, 2011 at Riverside, California.

*/s/ Robert Zablockis*

# EXHIBIT

# "1"

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA AT RIVERSIDE | PROOF OF CLAIM |
|---|---|

Name of Debtor: **ROBERT JOSEPH ZABLOCKIS, SR., JENNIFER CORONADA ZABLOCKIS**

Case Number: **11-17743**
Ch 13

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**GE Money Bank**

[ ] Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

GE Money Bank
c/o B-Line, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Telephone number: (866) 670-2361

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $6,606.61

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

[ ] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attachment(s)
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** XXXXXXXXXXXX9957

3a. Debtor may have scheduled account as: GE Money Bank - Bombardier
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**    [ ] Real Estate    [ ] Motor Vehicle    [X] Other
Describe: 06 BRP 166A

Value of Property: $5,719.82    Annual Interest Rate ____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $5,719.82    Amount Unsecured: $886.79

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: **SEE ATTACHMENT(S)**

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

[ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

[ ] Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

[ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

[ ] Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

[ ] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

[ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 4/2/2011

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.



/s/
STEVEN G. KANE
Authorized Agent
E-Mail: bline.chapter13@blinellc.com

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor(s) Name: | ZABLOCKIS, ROBERT |
| | ZABLOCKIS, JENNIFER C |
| Debtor(s) SSN: | XXX-XX-7474 |
| | XXX-XX-5340 |
| Account Number: | XXXXXXXXXXXX9957 |
| Creditor Name: | GE Money Bank |
| Open Date: | 07/17/2007 |
| Last Payment Date: | 09/25/2010 |
| Last Payment Amount: | $500.00 |
| Charge Off Date: | 03/21/2011 |
| Balance as of Filing: | $6,606.61 |
| Basis for Claim: | See Attachment(s) |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 11-17743 |
| Bankruptcy Filing Date: | 03/09/2011 |
| Current Chapter: | 13 |
| Court District: | CENTRAL DISTRICT OF CALIFORNIA |
| Court City: | RIVERSIDE |
| Trustee: | ROD MJ DANIELSON TR |
| Counsel for Debtor(s): | NICHOLAS M WAJDA |
| Counsel Address: | 15760 VENTURA BLVD STE 1100 |
| | ENCINO, CA 91436-3044 |



| In re: Robert & Jennifer Zablockis | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER   RS11-17743-MJ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436

A true and correct copy of the foregoing document described as **MOTION TO DISALLOW CLAIM OF B-LINE LLC, SUCCESSOR IN INTEREST TO GE MONEY BANK; DECLARATION OF ROBERT ZABLOCKIS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  October 6, 2011  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Rod (MJ) Danielson (TR)    notice-efile@rodan13.com
Joe M Lozano    notice@NBSDefaultServices.com
John Patton    jpatton@cookseylaw.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Nicholas M Wajda    nick@pricelawgroup.com, docket@pricelawgroup.com;cacbefile@pricelawgroup.com
☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On October 6, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Meredith Jury        (By U.S. Mail)
U.S. Bankruptcy Court
3420 Twelfth Street, Suite 325
Riverside, CA 92501-3819

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 6, 2011 | Lidia Ramirez | /s/ Lidia Ramirez |
|---|---|---|
| Date | Typed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                   F 9013-3.1

| In re: Robert & Jennifer Zablockis | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER RS11-17743-MJ |

## ADDITIONAL SERVICE INFORMATION (if needed):

### BY U.S. MAIL

### CHAPTER 13 TRUSTEE
Rod Danielson
Chapter 13 Trustee
4361 Latham Street, Ste. 270
Riverside, CA 92501-1749

### DEBTORS
Robert & Jennifer Zablockis
12015 Herman Drive
Riverside, CA 92505

### CREDITOR
GE Money Bank
c/o B-Line, LLC
Attn: Steven G. Kane, Authorized Agent
MS 550
PO Box 91121
Seattle, WA 98111-9221

### REQUESTED SPECIAL NOTICE
Nationstar Mortgage
P. O. Box 829009
Dallas, Texas 75382-9009

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**